UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DAYTON, PERSONALLY, AND AS THE REPRESENTATIVE OF THE ESTATE OF THOMAS E. CICARDO, | )<br>)<br>)<br>) |
| Plaintiffs, | ) 3:12-cv-00245 JWS |
| vs. | ) ORDER AND OPINION |
| STATE OF ALASKA, | ) [Re: Motions at Docs. 13 and 15] |
| Defendant and Third-Party Plaintiff, | )<br>) |
| vs. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Third-Party Defendant. | ) |

## I. MOTIONS PRESENTED

At docket 13 defendant and third-party plaintiff State of Alaska ("the State") filed a cross-motion to dismiss, stating that it did not oppose the third-party defendant's motion to dismiss based on *Feres v. United States*[1] and arguing that the claims against

---

[1] 340 U.S. 135 (1950).

it should also be dismissed based on *Feres* and on the fact that the third-party defendant, the United States of America (the "United States"), admitted that it, not the State, employed the pilots at the time of the accident at issue in this case. Plaintiff Theresa Dayton on behalf of herself and the estate of Thomas E. Cicardo ("Dayton" or "Plaintiff") opposes at docket 31. The State's reply is at docket 33.

The court dismissed the United States from the lawsuit at docket 14, noting that dismissal was unopposed and that the motion had merit. Dayton then a filed motion to remand at docket 15, arguing that because the United States has been dismissed, the case has returned to its original form—one solely against the State and solely raising issues of state law. Oral arguments on both motions were heard on June 4, 2013.

## II. BACKGROUND

Plaintiff filed suit against the State for wrongful death arising out of the crash of a United States Air Force C-17 on July 28, 2010, during an Alaska Air National Guard (AANG) practice flight in preparation for a public air show. All four members of the flight crew, including Thomas Cicardo, died in the crash. Plaintiff's action commenced in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, on July 24, 2012. Plaintiff's action against the State is founded on Alaska Statute § 26.05.145, which allows a member of the military to bring an action against the State for damages that have occurred "as a result of intentional misconduct within the course and scope of employment or agency and with complete disregard for the safety and property of others."[2]

---

[2]Alaska Stat. § 26.05.145(b).

After Plaintiff sued the State, it filed a third-party complaint against the United States and the estates of the flight crew—Major Michael Freyholtz, the pilot; Captain Jeffery Hill, the co-pilot; and Major Aaron Malone, the safety observer— alleging negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). The State asserted in its third-party complaint that all crew members were acting as employees of the United States at the time of the accident and, thus, fault had to be allocated to the United States.[3]

The United States removed the case to federal court pursuant to 28 U.S.C. § 1442. It filed a certification that the flight crew members were employees of the United States at the time of the crash and substituted itself in the place of the estates of the individual defendants.[4] It then filed a motion to dismiss at docket 9, arguing that pursuant to *Feres,* the FTCA does not waive sovereign immunity for allegedly tortious conduct that is incident to military service. Neither the State nor Plaintiff opposed the motion. *Feres* holds that the FTCA does not waive sovereign immunity for allegedly tortious conduct that is incident to military service and, thus, clearly bars suits brought by service members against the United States and any third-party actions against the United States arising from injuries to service members incident to their military service.[5]

The State subsequently filed a cross-motion to dismiss, arguing that because the AANG is a hybrid component of the United States Armed Forces and because the

---

[3]Doc. 1-1 at pp. 10-12.

[4]Doc. 8.

[5]*Feres,* 340 U.S. at 146*; Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 673 (1977).

-3-

Case 3:12-cv-00245-JWS   Document 39   Filed 07/12/13   Page 3 of 10

United States has admitted that the members of the flight crew were employees of the United States at the time of the crash, the *Feres* doctrine applies to bar Plaintiff's lawsuit against the State as well. Dayton opposes and argues that the action has returned to its original form now that the United States is no longer a party. Dayton asserts that the original action is solely against the State and not the AANG and only raises a state law tort claim.

### III. DISCUSSION

**A. Alaska Air National Guard**

The State argues that this lawsuit is actually brought against the AANG and, because state national guards are hybrid federal-state military entities, the court should apply *Feres* and dismiss the case for lack of jurisdiction. This court need not delve into the dual federal-state nature of the AANG for purposes of these motions because regardless of the nature of the AANG, it is not named as a party in Plaintiff's complaint. The State itself is the only party named in the caption and the only party from whom relief is sought. While Plaintiff contends that the pilot, Major Freyholtz, was a borrowed employee of the State, his estate is not named as a defendant. Rather, he functions in the Plaintiff's complaint as the foundation for a claim of vicarious liability against the State. The only summons issued and served named the State as the defendant, and it was served on the State. As Plaintiff notes, if a state agency such as the AANG were named as a party, under Rule 4(d)(8) of the Alaska Rules of Civil Procedure additional service on the agency would be required, but no such service was effected in this case.

The State also argues that, because the United States certified pursuant to the Westfall Act, 28 U.S.C. § 2679(d), that the AANG crew members were working as

federal employees at the time of the crash, the State cannot be vicariously liable for the actions of the pilots. However, based on the Alaska Supreme Court's decision in *Himsel v. State*,[6] regardless of a federal employment certification, the State may be held vicariously liable under state law for the actions of a pilot if that pilot could be considered a "borrowed employee" of the State for purposes of the flight on July 28, 2010.

*Himsel* also involved a national guard plane crash. The passengers were members of the army national guard. The pilot was a national guard technician and a state aviation officer. The surviving family members of the deceased guardsmen filed suit against the State and Beech Aircraft in Alaska state court for negligence. Beech Aircraft filed a third-party complaint against the estate of the pilot. The United States intervened to remove the case to federal court, certifying that the pilot was acting within his scope of employment as an employee of the United States at the time of the crash. The United States, as in this case, filed a motion to dismiss based on the *Feres* doctrine. The families then voluntarily dismissed their claims against Beech Aircraft and the estate of the pilot, leaving only the State as a defendant. The case was then remanded to state court.[7] The Alaska Supreme Court concluded that there was evidence that the pilot may have been controlled by the State so as to be considered a

---

[6]36 P.3d 35 (Alaska 2001).

[7]*Himsel*, 36 P.3d at 36-38.

-5-

borrowed employee of the State, in which case the State could be liable for the pilot's actions.[8]

Similarly, in this case there are issues of fact regarding the nature of the flight and the role of the pilots on July 28, 2010. As illustrated by *Himsel*, these disputed facts raise the issue of whether a pilot can be considered a borrowed employee of the State so that the State may be held responsible for the pilot's allegedly intentional misconduct. Under Alaska law the pilot's official status as a federal employee is not determinative, and, thus, the United States' certification of federal employment for purposes of removal does not require that the court dismiss the case under *Feres*.

**B. Federal question jurisdiction**

The State asserts that the court should retain jurisdiction over Plaintiff's complaint even though the State's third-party FTCA claims against the United States—the claims supporting removal to federal court—have been dismissed for lack of jurisdiction pursuant to *Feres*. It argues that even though the United States is no longer a party, the court nonetheless has subject matter jurisdiction over Plaintiff's claims against the State pursuant to 28 U.S.C. § 1331 because her claims present significant federal questions.

   **1. *Feres***

The State asserts that federal jurisdiction is appropriate because the issue of whether the AANG is entitled to immunity pursuant to the *Feres* doctrine has been raised and is an issue of federal law. The applicability of the *Feres* doctrine is an issue

---

[8]*Id.* at 43.

that the United States raised, and now the State raises, as a defense. Anticipated defenses do not enlarge the court's jurisdiction.[9] Instead, when determining whether a lawsuit raises a federal question which invokes the court's jurisdiction under 28 U.S.C. § 1331, the court must look solely to the allegations in the complaint.[10] Here, Plaintiff's complaint alleges only a state law tort claim.

Moreover, even if the *Feres* doctrine becomes an issue in the case, it will be raised in the context of state law. Alaska Statute § 26.05.145(b) allows a serviceman to bring a tort claim against the State in limited circumstances involving intentional misconduct. Plaintiff argues that Alaska does not apply the *Feres* doctrine based on *Himsel*. In *Himsel*, the Alaska Supreme Court held that it would not apply the *Feres* doctrine to give the State immunity in a state tort action brought by the survivors of national guard members killed in a plane crash where there was nothing "uniquely military" about the flight. When *Himsel* addressed the issue of whether to apply *Feres* immunity, it did so in the context of a purely state law claim against the State. That is the same context in which *Feres* immunity would be considered in the case at bar.

**2. Certification**

The State also asserts that the substitution of the United States for the estates of the individual pilots pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), at least creates a substantial federal issue about the application of the Westfall Act to this case. The

---

[9]*United States v. City of Arcata*, 629 F.3d 986, 990 (9th Cir. 2010) ("The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908))).

[10]*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

assertion misses the mark. Here, it was the State's third-party complaint that involved the estates of the individual crew members, not Plaintiff's complaint. Furthermore, as discussed above, the certification of the pilots as federal employees under the Westfall Act does not control the outcome of the State law claim.

### 3. Dependance on federal law

The State also argues that Plaintiff's wrongful death claim is premised on federal aviation regulations, and, thus, the court has jurisdiction. Plaintiff's complaint does allege that federal flight safety rules were violated by the pilot, but these violations are referenced in order to support the state law tort claim and demonstrate that the pilot acted with disregard to others' safety. Mere reference to federal regulations or statutes does not create federal jurisdiction.[11] Instead, the federal regulation or statute must be an essential element of the case—one that is necessary and substantial.[12] Here, the federal regulations are not a substantial component of the wrongful death claim itself. As Plaintiff notes, the pilot is alleged to have intentionally compromised the safety of all on board the flight, and while the federal regulations bolster Plaintiff's argument that the pilot acted with complete disregard for others' safety, they are not critical to her wrongful death claim.

---

[11] *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (holding that a state court action against a drug manufacturer based in part on the theory that the manufacturer's alleged violation of a federal statute constituted negligence did not present a federal question for purposes of jurisdiction).

[12] *California Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541-42 (9th Cir. 2011).

-8-

**4. Cumulative effect**

The State argues that even if the issues in this case are viewed as issues of state law, there is still federal jurisdiction because of the significant "unavoidable entanglement with federal law."[13] It is true that federal jurisdiction may exist in cases brought under state law, but only if the right to relief depends upon the construction or application of federal law.[14] Federal jurisdiction does not exist simply because significant federal issues are involved.[15] The jurisdictional inquiry asks whether the state law claim necessarily raises a federal issue that is substantial and actually disputed and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.[16] As already discussed, the state law claim does not necessarily raise a substantial federal issue. The complaint refers to federal regulations, but they are not a core element of the wrongful death claim itself. The core of this case reposes in Alaska Statute § 26.05.145(b) and related state jurisprudence which shows that application of this statute in this case will be purely a matter of state law.

**C. Supplemental jurisdiction**

The third-party claims, the only claims that were federal law claims, have been dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), once the court has dismissed all claims over which it has original jurisdiction, such as the third-party claims in this case, it may

---

[13] Doc. 20 at p.10.

[14] *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

[15] *California Shock Trauma*, 636 F.3d at 542.

[16] *Grable*, 545 U.S. at 314.

-9-

decline to exercise supplemental jurisdiction over the related state law claims.  Here, there has been virtually no activity on the merits of the state law claim.  There is no savings in court or litigant resources to be gained by keeping Plaintiff's state law claims in this court.  In such a circumstance, the interest of comity and respect for Plaintiff's original choice of forum weigh heavily against keeping this case in federal court.  This court, therefore, declines to exercise supplemental jurisdiction.

## IV.  CONCLUSION

Based on the preceding discussion, Plaintiff's motion to remand at docket 15 is GRANTED and the State's motion to dismiss at docket 13 is DENIED.  The case is remanded to the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

DATED at this11th day of July 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE