# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

THERESA DAYTON, PERSONALLY,  )
AND AS THE REPRESENTATIVE    )
OF THE ESTATE OF THOMAS E.    )
CICARDO,                      )
                              )    3:12-cv-00245 JWS
       Plaintiff,      )
                              )
  vs.                       )    ORDER AND OPINION
                              )
                              )    [Re: Motions at Docs. 86 and 90]
STATE OF ALASKA,              )
                              )
      Defendant and Third-   )
      Party Plaintiff,      )
                              )
  vs.                       )
                              )
THE UNITED STATES OF AMERICA, )
                              )
      Third-Party Defendant. )
_____ )

## I.  MOTIONS PRESENTED

At docket 86 plaintiff Theresa Dayton ("Dayton") moves to vacate the judgment

at docket 82.  Defendant and third-party plaintiff State of Alaska ("the State") responds

at docket 91.  Dayton replies at docket 100.  At docket 90 Dayton moves to supplement

the record.  The State responds at docket 94.  Dayton replies at docket 101.  It should

be noted that the text of and supporting affidavit for the motions at dockets 86 and 90 are identical. The motion was filed twice because the Clerk deemed the first motion at docket 86 to be in violation of D.Ak. L.R. 7.1(1) prohibiting the filing of "Combined Documents." Oral argument was not requested on either motion, and it would not assist the court.

## II. BACKGROUND

Dayton sued the State for the wrongful death of Thomas Cicardo, who was a member of the flight crew aboard a United States Air Force C-17 when it crashed during an Alaska Air National Guard (AANG) practice flight in preparation for a public air show. All of the flight crew perished in the crash. Dayton filed suit in state court. Her action against the State relies on Alaska Statute § 26.05.145(b), which allows a member of the military to bring an action against the State for damages that have occurred "as a result of intentional misconduct within the course and scope of employment or agency and with complete disregard for the safety and property of others."[1]

The State filed a third-party complaint against the United States and the estates of the flight crew alleging negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). The State alleged that all crew members were acting as employees of the United States at the time of the crash.

The United States removed the case to federal court. The United States then filed a certification that the flight crew were employees of the United States at the time of the crash and substituted itself in place of the defendant estates. It then filed a

---

[1]Alaska Stat. § 26.05.145(b).

motion to dismiss at docket 9, arguing that, pursuant to *Feres v. United States*,[2] the FTCA does not waive sovereign immunity for allegedly tortious conduct that is incident to military service.  Neither Dayton nor the State opposed the motion.  *Feres* holds that the FTCA does not waive sovereign immunity for allegedly tortious conduct that is incident to military service and thus clearly bars suits brought by service members against the United States and any third-party actions against the United States arising from injuries to service members incident to their military service.[3]

The State moved to dismiss Dayton's claims on the grounds that the AANG is a hybrid component of the United States armed forces and that the United States admitted that the flight crew were employees of the United States, so that the *Feres* doctrine barred Dayton's claim against the State.  Dayton opposed the motion to dismiss and moved to remand the lawsuit to state court, arguing that all which remained in the litigation were state law claims.  The court denied the State's motion and granted Dayton's motion to remand.[4]

The State filed a notice of appeal.  The Ninth Circuit reversed the remand order, and the lawsuit returned to this court's docket.  The State moved a second time to dismiss Dayton's claims.  The motion was granted,[5] and judgment was entered against

---

[2]340 U.S. 135 (1950).

[3]*Id.* at 146*; Stencil Aero Eng'g Corp. v. United States*, 431 U.S. 666, 673 (1977).

[4]Order at doc. 39. The State moved for reconsideration, but that request was denied in an Order at doc. 43.

[5]Order at doc. 81.

Dayton.[6]  Dayton's motion at docket 86 seeks to vacate the judgment.  Dayton's motion at docket 90 seeks to supplement the record.

### III.  DISCUSSION

At docket 81, the court noted that Dayton's claim is based on the allegation that the pilot engaged in intentional misconduct when he deviated from military standards and procedures during the practice flight at issue and, therefore, the resolution of the case will necessarily involve uniquely military issues and military expertise.  The court concluded that because the case will involve uniquely military standards and military expertise, intra-military immunity would apply under state law based on dicta in *Himsel v. State*.[7]  The court therefore dismissed the complaint.  The court had issued the order on a preliminary basis at docket 79, three days before oral argument, but after hearing from the parties, the court concluded its analysis was correct and promptly issued the order in final form.

Dayton argues that the court's dismissal relied on grounds not raised by the State in its motion and that she was not given sufficient opportunity to address the issue of state intra-miliary immunity as it was discussed by the court.  She also notes that at oral argument she informed the court that her state tort claim could proceed on the basis of purely civilian standards, without involvement of military matters, and offered to provide supplemental evidence to show that, despite the language in her complaint, the

---

[6]Doc. 82.

[7]36 P.3d 35 (Alaska 2001).

pilot's conduct was also in violation of civil aviation standards.[8]  The State responds by

arguing that the applicability of *Himsel* has been at the forefront of the parties' motion

practice and that there has been ample briefing regarding the correct interpretation of

that case.  The State emphasizes that it argued that *Himsel* would not bar application of

intra-military immunity under state law because the flight at issue in this case was a

military training mission.[9]

The court has reviewed the current briefing and the parties' prior motion papers.

While *Himsel* has been a focus of the parties' briefing, the case was primarily cited and

analyzed with regard to whether the pilot's employment status precluded a state law

claim.  Indeed, the State did not move for dismissal and summary judgment based on

state intra-military immunity grounds; the basis for its motion at docket 57 was the

applicability of federal immunity under the *Feres* doctrine given the pilot's employment

status.  The court rejected the State's argument saying, as it had at docket 39, that

Dayton's complaint raises a purely state law claim and that federal immunity does not

apply.  Thus, the court found that the issue was whether state law provides the State

immunity from suit in the particular factual situation presented.  It is true that the State

argued *Himsel* would not preclude the applicability of intra-military immunity outright, but

the argument was presented in its reply brief, and the State argued that such immunity

should apply because the flight was a military training mission, a fact which Dayton

disputed.  The court agreed with the State that *Himsel* did not preclude intra-military

---

[8]Doc. 99 at pp. 8-9.

[9]Doc. 64 at p. 9.

immunity in all situations and that such immunity would apply to the situation presented here, but not on the grounds that the flight was a military training mission. The court avoided considering whether the flight was a military training mission by finding that immunity would apply regardless of the type of flight, because as pled in detail in the complaint, Dayton's claim seemed to rest exclusively on the violation of military procedures and standards.

A court cannot *sua sponte* dismiss a complaint for failure to state a claim without providing notice and the opportunity for written briefing,[10] and allowing an adequate opportunity to respond is "fundamental to due process."[11] While Dayton had notice of the court's intention from the preliminary order filed prior to oral argument, the court did not allow Dayton the opportunity to provide a written response. Dayton must be given the opportunity to show in writing why the court's analysis of state law intra-military immunity is incorrect.

Dayton also asks for an opportunity to argue that she may proceed on the theory that the pilot's actions were in violation of civilian aviation standards despite the fact that her complaint speaks exclusively in terms of the violation of military standards. The court finds that Dayton's desire to make that showing is sufficiently bound up in the court's conclusions about the state law of intra-military immunity that she should be afforded a chance to pursue this subject in writing. Dayton points to an expert's affidavit with which she would supplement the record to show that she could have made

[10]*Lee v. City of L.A.*, 250 F.3d 668, 683 n.7 (9th Cir. 2001).

[11]*See Nelson v. Adams*, 529 U.S. 460, 461 (2000).

such an argument had she known its relevance to the court's decision. The court's procedural error warrants granting Dayton's request to vacate the judgment and granting her request to supplement the record with the expert's affidavit.

Not yet thoroughly addressed by the parties is the possibility that even if Dayton may proceed with a claim based on the violation of civil aviation standards, that approach cannot be used because the flight was a military flight which makes the military standards controlling. The court realizes that Dayton has argued the flight was not a military flight, but finds that this issue was insufficiently addressed by the parties in the earlier motion papers, and it certainly was not specifically addressed by the court in its order at docket 81.

## IV. CONCLUSION

For the reasons above, the motions at docket 86 and 90 are GRANTED as follows:

(A) The judgment at docket 82 is VACATED.

(B) Dayton may move for reconsideration of the order at docket 81.

(C) Dayton's motion for reconsideration must be filed within 14 days from the date of this order and shall be limited to the following issues: (1) is the court's exposition of state law intra-military immunity in the order at docket 81 correct; (2) despite her complaint's very specific references to the violation of military standards as the basis for liability, may Dayton proceed on the basis that the crash was caused by the violation of civilian standards; (3) was the flight a military flight; and (4) if it was a military flight, may Dayton nevertheless proceed on the theory that the pilot violated civil aviation

standards.  The State is directed to respond to Dayton's motion within fourteen days from service of the motion for reconsideration, and Dayton may reply within seven days from service of the response.

DATED this 17th day of July 2015.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE